# No. 60

## IN THE MATTER OF ELIZABETH DENISON, ET AL.

*September 26, 1807*

Elijah Brush, attorney for petitioners
Harris H. Hickman and Jonas Harrison, attorneys for respondent

OPINION BY WOODWARD, C. J. . . . (*Journal, infra,* \*p. 63)

1. When a statutory method of investigating the right to freedom is not provided, the common-law writ of habeas corpus is appropriate.

2. The question to be decided on a return to a writ of habeas corpus being the sufficiency of the return, facts stated in the return are not traversable at this stage of the proceedings.

3. Laws of France and Upper Canada noticed in a return to a writ of habeas corpus can be considered although they do not come as properly authenticated public documents:

   a. If they are laws of a foreign state, they are matters of fact and as such are not traversable at this stage.

   b. If they are laws of this country, they must be judicially noticed.

4. The laws of France and Upper Canada ceased to have any effect in this Territory almost immediately after July 11, 1796, but under Jay's Treaty settlers continue to enjoy their property of every kind.

5. The term property as used in Jay's Treaty includes slaves, as slaves were recognized as property by the countries concerned.

6. Slaves living on May 31, 1793, and in the possession of settlers in this Territory on July 11, 1796, continue such for life; children of such slaves born between these dates continue in servitude for twenty-five years; children of such children, and all born after July 11, 1796, are free from birth.